IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUIPOISE PM LLC and JOHN PRICE,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERNATIONAL TRUCK AND ENGINE CORP., a Delaware corporation, et al.,<br><br>    Defendants. | Case No. 05 C 6008<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Arlander Keys |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION, et al.,<br><br>    Defendant-Counterplaintiffs and Third-Party Plaintiffs,<br><br>v.<br><br>EQUIPOISE PM LLC, JOHN PRICE, and KEITH MORTON,<br><br>    Plaintiff-Counterdefendants and Third-Party Defendant. | |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW

Plaintiffs Equipoise PM, LLC ("Equipoise") and John Price ("Price") move pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure for judgment as a matter of law on Defendants' International Truck and Engine Corporation's ("International") and J. Price International, Inc.'s ("JPI") counterclaim. Defendants have failed to meet their burden of proof on all of their counts, and therefore cannot prevail on any of their claims against John Price and Equipoise. Accordingly, judgment as a matter of law in favor of Equipoise and Price should be granted as set forth below.

## I. STANDARD FOR ENTRY OF JUDGMENT AS A MATTER OF LAW

A court should grant judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Alexander v. Mount Sinai Hosp. Medical Center*, 484 F.3d 889, 902 (7th Cir. 2007). The court must view the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the party against whom judgment was granted. *Id.*

## II. DEFENDANTS HAVE NOT MET THEIR BURDEN OF PROOF

International and JPI have failed to show adequate evidence to meet their burden of proof with regard to any of the Counts of their counterclaim. Therefore, this Court should find for Price and Equipoise on Defendants' counterclaim as a matter of law.

### A. Punitive Damages Are Not Warranted As A Matter Of Law

Defendants have no basis for punitive damages. Under Illinois law, punitive damages are only recoverable "where the alleged misconduct is outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others." *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 641 (7th Cir. 2003); *see also Loitz v. Remington Arms Co., Inc.*, 138 Ill.2d 404, 415 (1990) (punitive damages may be awarded when defendant acts willfully or with such gross negligence as to indicate a wanton disregard of the rights of others).

There has been no evidence in Defendants' case that Price and Equipoise took any action indicative of willful or wanton behavior. *See, e.g., Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill.2d 429, 448 (1992) (willful and wanton misconduct is a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety and rights of others). JPI's fraud claim, for which there is inadequate proof in any event, does not implicate behavior that is willful or wanton. Therefore,

the jury should not be instructed on punitive damages for any of Defendants claims. Furthermore, the Court should rule, as a matter of law, that Defendants have not shown that Equipoise and Price behaved in a manner that warrants punitive damages.

### B. International Has Not Met Its Burden of Proof on Its Claim for Breach of the Stock Purchase Agreement Against Equipoise

The evidence in Defendants' case regarding International's claim against Equipoise for breach of the Stock Purchase Agreement falls short. To prevail on its claim that Equipoise breached the Stock Purchase Agreement, International must prove by a preponderance of the evidence: 1) International performed all of its material obligations under the Stock Purchase Agreement, or has a valid reason why International did not have to perform all of its material obligations under the Stock Purchase Agreement; 2) Equipoise breached the Stock Purchase Agreement by failing to adhere to business management and other policies established by the JPI Board of Directors; and 3) International sustained damages as a result of Equipoise's conduct.

There was no evidence at trial that International has suffered any injury or damages as a result of Equipoise's alleged breach of the Stock Purchase Agreement. There was no testimony that any of Equipoise's failure to adhere to business management and other policies caused International financial harm or harm in any other way that would allow recovery under this claim. Without a showing of damages, International's claim fails. *See United States Gypsum Co. v. LaFarge North America, Inc.*, 508 F. Supp.2d 601, 639 (2007) (Illinois law requires a showing of damages to succeed on a breach of contract claim).

In fact, International cannot even recover nominal damages here. A party can recover nominal damages if he proves he suffered damages, but cannot establish the amount of those damages with reasonable certainty. *Id.*, 508 F. Supp.2d at 640, fn. 18 (*citing Schoeneweis v. Herrin*, 110 Ill.App.3d 800, 443 N.E.2d 36 (5th Dist. 1982)). That is not the case here.

International has put forth no evidence that it was injured as a result of Equipoise's alleged breach of the Stock Purchase Agreement. Not only was it not proven by a preponderance of the evidence, it simply was not discussed. Therefore, International's claim that Equipoise breached the Stock Purchase Agreement must fail as a matter of law, and the Court should rule in favor of Equipoise on this claim.

### C. International Has Not Met Its Burden of Proof on Its Claim for Breach of the Bonus Agreement Against Price

Furthermore, although International has filed a breach of contract claim against Price for breach of the Bonus Agreement, International has not proved that either Price or International were even parties to the contract at issue.

Indeed, all of the evidence shows that Price signed the Bonus Agreement in his capacity as director of JPI and as a representative of Equipoise, not individually. Price, in his individual capacity, was not a party to the Bonus Agreement. The Bonus Agreement shows on its face that John Price signed as "Operator" of Equipoise and "Director" of JPI. (See PX 1, p. 2). John Price also testified to that fact. (Tr. Trans. p. 137, ln. 1-15, Testimony of J. Price). Paul Grzemski even admitted that there is nothing in the Bonus Agreement saying that John Price individually entered into the Agreement. Grzemski also admitted and that there is nothing in the Agreement that mentions Price being allowed to be sued in his individual capacity for breach of the Agreement. (Tr. Trans. p. 1168 ln. 17-21, Testimony of P. Grzemski). Nor is there any evidence at all that International is a party. Not one witness testified that anybody signed the agreement on behalf of International.

Second, Equipoise was the party intended to receive the benefit under the Bonus Agreement. Paul Grzemski testified to that. (Tr. Trans. p. 1168 ln. 14-16, Testimony of P. Grzemski). The language "John Price, individually" was inserted at the request of International,

4

who wanted to ensure that John Price, not Keith Morton, would manage the day-to-day operations of the dealership. (Tr. Trans. p. 137 ln. 16-142 ln. 18, Testimony of J. Price). No one at International ever asked for Price to be personally bound on the Agreement. (Tr. Trans. p. 142 ln. 5-8, Testimony of J. Price) And no one on behalf of International ever asked Price to sign the Bonus Agreement in any capacity other than as director of District International or on behalf of Equipoise. (Tr. Trans. p. 142 ln. 9-16, Testimony of J. Price). In addition, Paul Grzemski admitted that the language in the Bonus Agreement was put there at the suggestion of JPI's attorneys, and that the purpose of the Bonus Agreement was to provide a bonus for *Equipoise* (Tr. Trans. p. 1168 ln. 14-16, Testimony of P. Grzemski), not for Price.

Third, International has not offered any evidence whatsoever to show that it was a party to the Agreement. It is not named as a party under the Agreement. In fact, its name does not even appear in the Agreement at all. There is no indication anywhere that anybody signed the Agreement on its behalf. Moreover, even if it were a party to the Agreement, International has made no showing that it suffered any injury as a result of any alleged breach of the Agreement by Price. Therefore, International's claim must fail as a matter of law, and the Court should rule in favor of Price on this claim.

### D. JPI Has Not Met Its Burden of Proof on the Claim for Breach of Fiduciary Duty Against Price

In order to prove that Price breached the fiduciary duties he owed to JPI, JPI must prove by a preponderance of the evidence that Price's purpose in using JPI's money for the purpose of trying to obtain a new facility was influenced by considerations other than the best interests of JPI.

JPI's claim must fail as a matter of law. There has been no evidence to show that Price's purpose in using JPI's money was influenced by considerations other than the best interests of

JPI. To the contrary, Price testified that he borrowed the money from the dealership to help with the process of attempting to obtain a new facility *for JPI*. Price was not building a new office space for Equipoise, nor was he building a new home for his family. The money Price borrowed was to fund the purchase of real estate in Maryland that would allow for a new JPI facility. (See DX 96). International and JPI representatives testified that the JPI facility needed updating, and that the facility's appearance was a problem. Price was trying to provide a better home for JPI so that the business, which was already making a profit, would be even more profitable.

Any money used by Price to build the new facility was used with the intention of bettering JPI. JPI has not shown by a preponderance of the evidence that Price's purpose in using the money was for the benefit of someone other than JPI. Therefore, JPI's claim must fail, and this Court should find in favor of Price.

### E.     JPI Has Not Met Its Burden of Proof on its Claim for Conversion Against Price and Equipoise

JPI cannot succeed on its conversion claim. JPI alleges that Price and Equipoise converted $128,000. However, JPI has not identified that money sufficiently for purposes of prevailing on a claim for conversion. Courts have limited the circumstances in which a plaintiff can maintain an action for the conversion of money. *See Eggert v. Weisz,* 839 F.2d 1261, 1264 (7th Cir. 1988). One limitation is where the action is brought to merely satisfy an obligation or the debt to pay money. *Id.* Courts will allow a conversion claim for money only where the plaintiff can establish that sum of money at issue was segregated from other funds, received in a lump sum, earmarked, or otherwise identifiably distinct. *3Com Corp. v. Electronic Recovery Specialists, Inc.,* 104 F.Supp.2d 932, 940 (N.D. Ill. 2000); *see also Bachmeier v. Bank of Ravenswood,* 663 F. Supp. 1207, 1225 (N.D. Ill. 1987) (no conversion where funds were not sufficiently distinct). JPI has not established that the $128,000 was segregated from other funds,

was in lump sum, was earmarked in any way, or was otherwise identifiably distinct. Therefore, Price and Equipoise should be granted judgment as a matter of law on JPI's conversion claim.

F. **JPI Has Not Met Its Burden on Its Fraud Claim Against Price and Equipoise**

In order to prevail on its fraud claim against Price and Equipoise, JPI must prove by clear and convincing evidence that 1) Price and Equipoise knowingly concealed from JPI that Price and Equipoise were using or used JPI's money without authorization; 2) the unauthorized use of JPI's money was a material fact; 3) Price and Equipoise concealed from JPI the material fact to induce JPI not to take action against Price and Equipoise; 4) JPI justifiably relied on Price's and Equipoise's concealment of the material fact; and 5) JPI sustained damages as a proximate result of Price's and Equipoise's conduct. JPI has not met its burden, and the Court should grant judgment in favor of Price and Equipoise as a matter of law.

JPI has not put on any evidence at trial that Price and Equipoise knowingly concealed from JPI that Price and Equipoise were using JPI's money without authorization. In fact, the only evidence on the issue was to the contrary. Price testified that the money Equipoise borrowed from JPI to try to obtain a new facility was all disclosed on JPI's books. No one could dispute that. Indeed, Paul Grzemski and Paul Kovach could not dispute that the numbers were there. The fact that they did not look for those figures does not equate to Price and Equipoise knowingly concealing them.

More importantly, JPI cannot show that it justifiably relied on any supposed concealment. A party has not reasonably relied on a concealment if the party had means of obtaining knowledge of the facts which the party claims were concealed at the time. The information regarding the money Price and Equipoise used for the new facility was contained in JPI's books and records. Those numbers were fully disclosed. Larry Wake and Paul Grzemski both admitted that they received that information and they were familiar with the books and records of

7

JPI. JPI has not been able to prove by clear and convincing evidence that it was justifiable for JPI to rely on the alleged nondisclosure when they had the records to show all of the JPI funds Price and Equipoise used in their own hands. Therefore, JPI's claim for fraud must fail, and the Court should grant judgment as a matter of law for Price and Equipoise.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs/Counter-Defendants Equipoise PM LLC and John Price respectfully request that this Court enter judgment as a matter of law in their favor and against Defendants/Counter-Plaintiffs on the counterclaim and award them their costs of suit.

**Equipoise PM LLC and John Price,**
**Plaintiff-Counterdefendants**


By: **/s/ Anthony C. Valiulis**
**One of Their Attorneys**

Anthony C. Valiulis
John H. Ward
Autumn L. Sharp
Christopher J. Petelle
**MUCH SHELIST DENENBERG**
**AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60601
(312)521-2639

## CERTIFICATE OF SERVICE

I, Anthony C. Valiulis, an attorney, certify that on February 21, 2008, I electronically filed **Plaintiffs' Motion for Entry of Judgment As A Matter of Law** with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to the following:

Michael R. Levinson
Andrea C. Okun
**SEYFARTH SHAW LLP**
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603

/s/ Anthony C. Valiulis