**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUIPOISE PM LLC and JOHN PRICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL TRUCK AND ENGINE ) <br> CORP., a Delaware corporation, K. NEAL ) <br> INTERNATIONAL TRUCKS f/k/a JOHN ) <br> PRICE INTERNATIONAL TRUCK, INC., a ) <br> Delaware corporation, KNEAL HOLDINGS, ) <br> INC., a Maryland corporation, PAUL KOVACH, ) <br> PAUL GRZEMSKI, and LARRY WAKE, ) <br> ) <br> Defendants. ) <br> ) <br> INTERNATIONAL TRUCK AND ENGINE ) <br> CORPORATION and J. PRICE ) <br> INTERNATIONAL, INC., n/k/a K. NEAL ) <br> INTERNATIONAL TRUCKS, INC., ) <br> ) <br> Defendants-Counterplaintiffs and ) <br> Third-Party Plaintiffs ) <br> ) <br> v. ) <br> ) <br> EQUIPOISE PM LLC, Plaintiff- ) <br> Counterdefendant, and JOHN PRICE, ) <br> ) <br> Third-Party Defendants. ) <br> ) <br> ) | | Case No. 05 C 6008 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge Arlander Keys |

## **DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

Defendants International Truck & Engine Corporation, J. Price International, Inc., n/k/a K. Neal International Trucks, Inc., Paul Kovach, Paul Grzemski, and Larry Wake (collectively "International" or "Defendants") move pursuant to Rule 58 of the Federal Rules of Civil

Procedure for entry of judgment for Defendants and against Plaintiffs in accord with the jury's verdict published in open court on February 25, 2008 and, in addition, for entry of judgment for specific performance on Defendant International's claim for breach of the Stock Purchase Agreement. In support of their motion, Defendants state as follows:

1. Pursuant to Rule 58(a)(2)(A), "unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: (i) the jury returns a general verdict … ." Fed. R. Civ. P. 58.

2. On February 25, 2008, this Court published the jury's general verdict, finding no liability against Defendants on all of Plaintiffs' claims and finding liability against John Price individually for breach of fiduciary duty and against Price and Equipoise jointly for conversion. This Court reserved for itself International's claim for specific performance arising from Equipoise's breach of the Stock Purchase Agreement. (Tr. at 53-54).

3. Based on the jury's verdict for International on Equipoise's claim for breach of the Stock Purchase Agreement, the Court should now enter judgment for specific performance in favor of International on its claim for breach of the same Stock Purchase Agreement. *See SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002) (court must determine equitable relief consistent with jury's finding). This claim is based on Equipoise's refusal and failure to sell to International Equipoise's 15% interest in JPI pursuant to the Stock Purchase Agreement.

4. Specific performance of a contract should be granted by the Court when the plaintiff has alleged and proved the following elements: (1) the existence of a valid, binding, and enforceable contract; (2) compliance by the plaintiff with the terms of the contract, or proof that the plaintiff is ready, willing, and able to perform the contract; and (3) the failure or refusal of the defendant to perform his part of the contract. *Hoxha v. LaSalle Nat'l Bank*, 365 Ill. App. 3d

80, 85, 847 N.E.2d 725, 729 (1st Dist. 2006).  The Seventh Circuit has affirmed specific enforcement of a contract to convey non-publicly traded corporate stock because such stock's valuation is imprecise, and a business is a unique asset.  *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 984 F.2d 223, 227 (7th Cir. 1993).

5. International is entitled to entry of judgment for its claim for specific performance of the Stock Purchase Agreement against Equipoise.  There is no dispute the Stock Purchase Agreement is a valid, binding, and enforceable contract.  As determined by the jury's verdict finding for International on Equipoise's claim for breach of the Stock Purchase Agreement, International complied with the terms of the Stock Purchase Agreement.  Equipoise has failed and refused to convey its JPI stock to International.

6. The parties do not dispute the validity of the Stock Purchase Agreement.  (Tr. at 43).  Under Article II of the Stock Purchase Agreement, the stock rights of Equipoise "automatically expire when and if John R. Price ("Price") ceases, for any reason, to be President of Dealer Company." (Article II, Stock Purchase Agreement, DTE 10).  After Price's removal, International had the election of choosing to purchase Equipoise's stock in JPI, or to liquidate the dealership. (*Id.*).  Under Article III, once Equipoise was notified of International's election to purchase its stock, Equipoise was required to sell to International its stock in JPI.  (Article III, Stock Purchase Agreement, DTE 10).

7. The jury rejected Equipoise's claim that International removed Price as President of JPI in order to frustrate Equipoise's stock purchase rights and thus found International not liable for "fail[ing] and refus[ing] to perform its part of the Stock Purchase Agreement by" not selling its stock to Equipoise.  (Am. Cmpl. at ¶53).  In other words, the jury found International complied with the terms of the Stock Purchase Agreement.

3

8. As a result of this verdict, Equipoise must be found liable for breaching the Stock Purchase Agreement as it failed and refused to sell its stock to International after Price was removed as President. The evidence at trial showed that Price was removed as president of JPI on March 1, 2005. (Tr. at 2012). International advised Equipoise, first through Price at the March 1, 2005 Board meeting, and second through Morton at a dinner with Dennis Wise, that International would purchase JPI's shares from Equipoise, but Equipoise refused to sell. (Morton Tr. at 1199-1200, 1249-51; March 1, 2005 Board Minutes, DTE 108; Whitnell Tr. at 2012).[1]

9. International later sent Equipoise a calculation of Equipoise's stock's value from the accounting firm Keiter, Stephens, Hurst, Gary & Shreaves, P.C., pursuant to Article III of the Stock Purchase Agreement, and indicated that it was prepared to tender a check payable for that value to Equipoise in exchange for Equipoise's JPI stock. (Valuation, DTE 118; Letter, DTE 119). Equipoise did not tender its stock. (Morton Tr. at 1199-1200, 1249-51; Whitnell Tr. at 2012).

---

[1] For example, Morton testified as follows:

> Q: Isn't it true at the March 1st meeting, Denny Wise told you that International would buy back Equipoise's shares?
>
> A: Yes.
>
> * * *
>
> Q: And you rejected, you already told us you rejected Mr. Wise's offer when he made it at dinner on March 1st, correct?
>
> A: I would think so, yes.

(Morton Tr. 1199-1200, 1250).

CH1 11430214.3

10. The Court should enter judgment for specific performance compelling Equipoise to sell its stock to International for the value calculated by Keiter, Stephens, Hurst, Gary & Shreaves, P.C., $549,140. Equipoise is no longer the operator of the dealership and should not be an owner of any of its stock. As this Court held, "[i]t is clear from the parties' agreement that they intended the contract to preserve ITEC's right to choose a successor dealer if the parties' agreement terminated or the membership of Equipoise changed." (July 31, 2007 Memorandum Opinion and Order at p. 14). To permit Equipoise to retain stock ownership completely frustrates the purpose of the Stock Purchase Agreement both parties freely entered into.

11. Furthermore, to find in favor of Equipoise and against International on this claim and permit Equipoise to retain stock ownership would be inconsistent with the jury's verdict. The jury clearly found that International did not breach any duties to Equipoise or Price, contractual or otherwise. Equipoise acknowledged both in its Amended Complaint and in argument before this Court that if the termination of Price was not improper, International was entitled to purchase Equipoise's interest in JPI as set forth in the Stock Purchase Agreement. In its Amended Complaint, Equipoise stated:

> Under Article II of the Stock Agreement, all of Equipoise's rights under the Stock Agreement supposedly expired when and if Price ceased being president of JPI. In that case, Equipoise would then be required to sell all of its stock to ITEC.

(Amended Complaint, at ¶22). Similarly, when the Court reserved the claim of specific performance for itself, counsel for Equipoise stated that if Equipoise lost at trial, if International did not breach the SPA, then Equipoise "had the obligation to sell its stock." (Tr. at 50-51).

12. The jury found no liability on the part of any defendant arising from the termination of Price. Therefore, the only finding consistent with the jury's verdict is in favor of International – requiring Equipoise to sell its shares of JPI to International for $549,140.

WHEREFORE, Defendants request that this Court enter judgment on the jury's general verdict published February 25, 2008 and, in addition, enter judgment in favor of Defendant International on its claim for specific performance as to Count I of its Counterclaim against Equipoise for breach of the Stock Purchase Agreement in accord with the jury's general verdict.

    INTERNATIONAL TRUCK AND ENGINE CORP., PAUL KOVACH, PAUL GRZEMSKI, LARRY WAKE, J. PRICE INTERNATIONAL, INC., n/k/a K. NEAL INTERNATIONAL TRUCKS, INC., and K. NEAL HOLDINGS, INC.


By: s/Andrea C. Okun
    One of Their Attorneys

Michael R. Levinson
Andrea C. Okun
Marcus L. Mintz
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2008, I electronically filed **Defendants' Motion For Entry Of Judgment** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

>Anthony C. Valiulis  (tvaliulis@muchshelist.com)
>John H. Ward  (jward@muchshelist.com)
>Autumn L. Sharp   (asharp@muchshelist.com)
>Christopher J. Petelle   (cpetelle@muchshelist.com)
>MUCH SHELIST FREED DENENBERG
>AMENT & RUBENSTEIN, P.C.
>191 North Wacker Drive, Suite 1800
>Chicago, Illinois 60606

By: s/Andrea C. Okun
    One of Their Attorneys

Michael R. Levinson
Andrea C. Okun
Marcus L. Mintz
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000